UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CHRISTOPHER EUGENE GOSS, SR. | : | CASE NO. 17-71027-PMB |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO
REVIEW INFORMATION AND ACCOUNTING RECORDS FILED BY TRUSTEE
INTO THE COURT AS A MATTER OF DUE PROCESS
AND REQUEST FOR SANCTIONS AGAINST DEBTOR**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee Hays**") for the bankruptcy estate of Christopher Eugene Goss ("**Debtor**"), by and through undersigned counsel, and hereby submits *Trustee's Response in Opposition to Debtor's Motion to Review Information and Accounting Records filed by Trustee into the Court as a Matter of Due Process and Request for Sanctions Against Debtor* (the "**Response**") in response to Debtor's *Motion to Review Informations [sic] and Accounting Records Filed by Trustee into the Court as a Matter of Due Process* [Doc. No. 68] (the "**Motion for Accounting**"), and respectfully shows the Court as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over the Motion for Accounting and this Response pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Introduction

2.      Although it is not abundantly clear exactly what Debtor is requesting in his Motion for Accounting, it appears that he requests that: (a) Trustee Hays provide an accounting of the funds that he has received in this case, based on allegations that Trustee Hays has misappropriated funds; (b) Trustee Hays be investigated for fraud related to "secret meetings and arrangements with Creditors, without any notice to Debtor as to the resolution of those credit resolution [sic]"; and (c) Trustee Hays be removed from the case and replaced.

3.      As to Debtor's request for an accounting, Trustee Hays has attached to this Response the interim report [Doc. No. 52], which he filed in this case on July 31, 2018, along with the bank account statements for the bank account maintained by Trustee Hays for the Bankruptcy Estate.  These documents clearly show that Trustee Hays has not "misappropriated" any funds as Debtor alleges.  All funds that Trustee Hays has brought into the Bankruptcy Estate remain in the Bankruptcy Estate's bank account, except for small banking and technology fees, which are charged in almost every single bankruptcy case in this District.

4.      As to Debtor's allegations that Trustee Hays has held secret meetings with creditors, they are wholly unsupported.  Although it is not apparent what Debtor is referencing in this regard, Trustee Hays believes that these allegations relate to the settlement that Trustee Hays reached with the Tommy V. Stansell and Marlene V. Stansell Revocable Trustee (the "**Revocable Trust**").  Contrary to Debtor's assertions, counsel for Trustee Hays had numerous conversations with Ronna Woodruff, Debtor's then counsel of record, regarding this settlement and the legal basis for the same, and Trustee Hays served both Debtor and his counsel with the resulting settlement motion along with the related notice of hearing, in accordance with

12637944v1

applicable rules.  Neither Debtor nor his attorney responded to the settlement motion or appeared at the hearing on the same.

5.      Finally, as to Debtor's request that Trustee Hays be removed from this case and replaced, Trustee Hays *vehemently* opposes such a vindictive request and, in response, requests that the Court sanction Debtor for the costs of Trustee Hays' having to defend this baseless and vindictive request.

### Background

#### *a. General Background Information*

6.      On December 4, 2017 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, initiating Case No. 17-71027-PMB (the "**Bankruptcy Case**").   Upon information and belief, this was Debtor's second Chapter 7 bankruptcy case.  Debtor filed another case (Case No. 04-77763-JB) in this Court on October 27, 2004, and he received a discharge of his debts on February 8, 2005.

7.      Debtor filed the Bankruptcy Case as a no-asset case, and, on the face of Debtor's bankruptcy disclosure forms, there was no chance of Trustee Hays' making a distribution to unsecured creditors, whether meaningful or de minimis.

8.      At the commencement of the Bankruptcy Case, the bankruptcy estate was created under 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that it acquires after commencement of the Bankruptcy Case.  11 U.S.C. § 541(a)(1) and (7) (2017).

9.      Trustee is currently and has been the sole representative of the Bankruptcy Estate since Debtor initiated the Bankruptcy Case.  11 U.S.C. § 323 (2017).

3

### *b. The Sale of Debtor's Honda Accord*

10.    Prior to the Petition Date, Debtor owned a certain 2017 Honda Accord EX-L Hybrid (VIN#JHMCR6F50HC013106) (the "**Car**").  Debtor scheduled the Car with a value of $27,225.00, and he scheduled a secured claim of IBM Southeast Employees' Credit Union in the Car with a claim amount of $36,000.00.  *See* [Doc. No. 12 at page 19 of 46].

11.    Although Debtor scheduled a secured claim in the Car, no creditor actually had a security interest in or lien against the Car.  In fact, IBM Southeast Employees' Credit Union (the "**Credit Union**"), the entity which Debtor scheduled as having a secured claim in the Car, was supposed to take a purchase money security interest in the Car, but it failed to perfect timely its alleged security interest.

12.    As a result, the Credit Union turned over to Trustee Hays the title to the Car.

13.    Following a motion [Doc. No. 29] by Trustee Hays and an Order [Doc. No. 32] from the Court, Trustee Hays sold the Car to Christian Goss, Debtor's daughter, for a purchase price of $20,000.00.  *See* [Doc. No. 36].

14.    There is no doubt that Debtor knew about this transaction because Trustee Hays served him with a copy of the sale motion and notice of hearing, and because Debtor delivered the purchase money to Trustee in exchange for the title to the Car.

15.    On May 3, 2018, Trustee Hays filed in the Bankruptcy Case a report of sale [Doc. No. 36] providing the details of the sale of the Car.  A true and correct copy of this report of sale is attached hereto and incorporated herein by reference as Exhibit "A."  Trustee served this report of sale on Debtor and his attorney.  *See* [Doc. No. 36].

16.    As of the date of filing this Response, other than the proceeds from the sale of the Car, Trustee Hays has recovered no other funds in the Bankruptcy Case.

12637944v1

### c. The Property

17.    In addition to scheduling his interest in the Car, Debtor also scheduled his sole ownership interest in that certain improved real property commonly known as 705 Birchwood Road, Marietta, Cobb County, Georgia 30060 (the "**Property**").

18.    On his statement of intent [Doc. No. 12 at page 34 of 46], Debtor stated that he intended to *surrender* the Property.

19.    On his *Schedule C: The Property You Claim as Exempt*, as amended on July 26, 2018 [Doc. No. 48 at page 4 of 11], Debtor scheduled an exemption in the Property of $21,239.00 under O.C.G.A. § 44-13-100(a)(1).[1]

### d. Alleged Liens, Interests, and Encumbrances in the Property

20.    On his *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 12 at page 19 of 46], Debtor scheduled one claim in or against the Property in the amount of $118,653.00 in favor of Marlene Stansell Sheffield.

21.    Marlene N. Stansell n/k/a Marlene Sheffield is the trustee ("**Trustee Sheffield**") for, and sole living representative of, the Trust.  The Trust is a trust formed and existing under the laws of the State of Georgia.

22.    On April 18, 2018, the Trust filed a proof of claim [Claim No. 11-1] (the "**Trust Claim**") in the Bankruptcy Case in the amount of $133,053.62, claiming that the entire amount of the Trust Claim was secured by an interest in the Property.

23.    Although Debtor scheduled the claim of the Trust in the amount of $118,653.00, the Trust attached to the Trust Claim documents that supported the claim amount of

---

[1]    Trustee Hays has objected to this claimed exemption, and this objection is set for hearing later this month.

12637944v1

$133,053.62, including a payment history. And, upon information and belief, it failed to include in this claim amount, attorney's fees and costs that it incurred attempting to continue its security interest in the Property, under O.C.G.A. § 44-14-80, attempting to foreclose Debtor's interest in the Property prior to the Petition Date, and defending its secured position after Trustee Hays raised issues in this regard.[2]

24.     Upon information and belief, Debtor had not made a payment to the Trust or Trustee Sheffield for several, if not many, months prior to the Petition Date.  In this regard, on November 10, 2017, the Trust started to run foreclosure sale notices in the Marietta Daily Journal, beginning the process to foreclose Debtor's interest in the Property.

25.     As part of Trustee Hays' investigation of Debtor's financial affairs, Trustee Hays obtained a full title examination report for the Property, effective April 30, 2018 (the "**Title Report**").

26.     The Title Report showed that the Property was allegedly encumbered by the following purported interests, set forth by order of priority: (a) first, the alleged security interest of the Trust granted through a Security Deed (the "**Trust Security Deed**"); (b) second, an alleged second position security interest of the Trust, which had reverted under O.C.G.A. § 44-14-80; and (c) third, an alleged security interest of the Cobb County CDBG Program Office arising from a security deed and agreement that appeared to secure a debt in the original principal amount of $1,450.00.[3]

---

[2]     Upon information and belief, the Trust would have been permitted to include these attorney's fees, and the related costs, in its claim amount, so long as they were reasonable, under 11 U.S.C. § 506(b).

[3]     Even though Debtor did not schedule the claim of the CDBG Program Office, Trustee Hays has obtained a payoff from this entity, and it is owed $1,450.00 for its claim.

12637944v1

27.     The Title Report reflected no other liens, interests, or encumbrances on or against the Property, with the exception of the Bankruptcy Estate's pro-ration of 2018 ad valorem real property taxes.

### d. The Bankruptcy Estate Carve-Out

28.     As to the Trust Security Deed, Trustee Hays asserted that the Trust's interest in the Property, transferred through the Trust Security Deed, reverted to Debtor prior to the Petition Date under O.C.G.A. § 44-14-80 (the "**Reversion Issue**").  The Trust vehemently contested Trustee Hays' assertions as to reversion, and claimed that an affidavit that it filed of record continued its security interest in the Property.

29.     Following negotiations, Trustee Hays and Trustee Sheffield reached a Settlement Agreement resolving the Reversion Issue as follows: (a) the Trust will have a perfected first priority security in the Property, or the proceeds thereof, in the amount of $133,053.62 (the "**Trust First Priority Security Interest**"); (b) Trustee Sheffield consented to Trustee Hays's sale of the Property; and (c) the Bankruptcy Estate shall receive a carve-out from the Trust First Priority Security Interest in the amount of $70,000.00 (the "**Bankruptcy Estate Carve-Out**").

30.     On May 30, 2018, Trustee Hays filed a motion [Doc. No. 37], seeking, among other things, approval of the Settlement Agreement (the "**Settlement Motion**").

31.     Trustee Hays served a copy of the Settlement Motion on Debtor and Ronna Woodruff, Debtor's attorney of record.  *See* [Doc. No. 37].  In addition, prior to Trustee Hays' filing the Settlement Motion and afterwards, counsel for Trustee spoke to Ronna Woodruff regarding the Property, the issues with the Trust's alleged security interest in the Property, and the likelihood that Trustee Hays would be selling the Property unless Debtor was able to purchase the Property from Trustee Hays.

32.     Neither Debtor nor his attorney responded in opposition to the Settlement Motion, and neither of them appeared at the hearing on the Settlement Motion, which the Court held on June 25, 2018.

33.     On June 27, 2018, the Court entered an Order [Doc. No. 43] granting the Settlement Motion and approving the Settlement Agreement and the Bankruptcy Estate Carve-Out (the "**Settlement Order**").   Debtor and his attorney were served with copies of the Settlement Order.  *See* [Doc. No. 45].

### e. Trustee's Marketing and Proposed Sale of the Property

34.     Based on a thorough inspection, evaluation, and comparative marketing analysis by a licensed real estate broker, Trustee Hays determined that the Property should be marketed for sale at a list price of $139,900.00.

35.     Accordingly, on June 15, 2018, almost two weeks before the Court's entering the Settlement Order, Trustee Hays filed his *Application to Employ Real Estate Agent* [Doc. No. 40], and the Court entered an Order [Doc. No. 41] that same day, approving the employment of Atlanta Communities Real Estate Brokerage LLC and Bill Celler (collectively, the "**Realtor**") as the listing agent for the Property for a six percent (6%) commission on the purchase price.

36.     Trustee Hays served the application to employ the Realtor on both Debtor and Debtor's attorney.  *See* [Doc. No. 41].

37.     After receiving necessary authority from the Bankruptcy Court, Trustee Hays then listed the Property for sale with a list price of $139,900.00.

38.     After marketing the Property for sale for over a month and a half, on August 8, 2018, Trustee Hays filed his *Motion for Authority to (I) Sell Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances, and (II) Disburse Certain Proceeds at*

*Closing* [Doc. No. 53] (the "**Sale Motion**"), asking the Court for authority to sell the Property to Eric Jerral for a purchase price of $138,000.00 under 11 U.S.C. § 363(b) and (f), and other applicable Bankruptcy Rules.

39.    The Court held a hearing on the Sale Motion on September 10, 2018.  Debtor appeared at this hearing in opposition to the Sale Motion.

40.    On September 12, 2018, the Court entered an Order [Doc. No. 72], granting the Sale Motion and authorizing Trustee Hays to sell the Property.

### *f. Trustee Hays' Motion to Compel Debtor's Cooperation*

41.    After Trustee Hays filed the Sale Motion, but before the hearing on it, he received notice that Debtor was no longer communicating with Trustee Hays' Realtor regarding the proposed sale.  Prior to this, the Realtor had also communicated to Trustee that Debtor informed him that he would not allow his home to be sold.  The confluence of these two matters (along with statements by Debtor to the Realtor that Trustee Hays was allegedly committing a "fraud") gave Trustee Hays serious and legitimate concerns that Debtor would either interfere with the proposed sale, refuse to cooperate with Trustee Hays, or refuse to move from the Property prior to the proposed sale.

42.    Any of these actions or inactions by Debtor would either obstruct or prevent Trustee Hays' closing the proposed sale and would most likely result in significant administrative expenses that would cause irreparable damage to the Bankruptcy Estate.

43.    As a result, on August 20, 2018, Trustee Hays filed a motion to compel [Doc. No. 58] (the "**Motion to Compel**") Debtor to cooperate with him and vacate the Property, to the extent that the Court were to grant Trustee Hays' Sale Motion.

12637944v1

44.    The Court held an expedited hearing on the Motion to Compel on August 27, 2018, during which Debtor voiced his opposition to the Motion to Compel and the Sale Motion.

45.    On August 28, 2018, the Court entered an Order [Doc. No. 65] (the "**Order to Cooperate and Vacate**"), granting the Motion to Compel and requiring Debtor to (a) cooperate with Trustee Hays' sale efforts and (b) vacate the Property, including removing all personal property from the Property, on or before September 11, 2018.

46.    Despite this order from the Court, at the hearing on the Sale Motion (held on September 10, 2018), Debtor announced to the Court that he had not begun to move out of the Property and asked for more time to do so.

47.    Based on Debtor's announcement that he would not comply with the Court's Order to Cooperate and Vacate, the Court entered an amendment to the Order to Cooperate and Vacate [Doc. No. 73], granting Debtor through and including September 26, 2018, to vacate the Property, including removing all items of personal property from the Property, and still requiring Debtor to cooperate with Trustee's sale of the Property.

### g.  Motion for Accounting

48.    Also at the hearing on the Sale Motion, Debtor announced that he was going to be filing the Motion for Accounting and, essentially, read it into the record.  Following this reading, the Court noted that, based on Debtor's statements, it did not believe that a fraud had been committed by Trustee Hays.

49.    Despite this statement by the Court, on the afternoon of September 10, 2018 after the sale hearing, Debtor filed the Motion for Accounting asking for an accounting from Trustee Hays, based on alleged misappropriations, and requesting that the Court remove Trustee Hays from the Bankruptcy Case.

12637944v1

50.    Importantly, prior to the hearing on the Sale Motion, Debtor had not communicated with either Trustee Hays or Trustee Hays' counsel asking for an accounting of the funds that Trustee Hays received from the sale of the Car.

51.    As set forth in greater detail below, there is no basis in fact or law, or based on a reasonable extension of existing law, for Debtor's allegations that Trustee Hays has misappropriated property of the Bankruptcy Estate or that Trustee Hays should be removed as trustee from the Bankruptcy Case.

### Response and Request for Relief

52.    Trustee Hays *vehemently* contests any allegations that he has misappropriated funds in this Bankruptcy Case.

53.    Trustee Hays *vehemently* contests any allegations that he has committed a fraud in this Bankruptcy Case, including with regard to the settlement between Trustee Hays and the Trust.

54.    Trustee Hays *vehemently* objects to his removal as trustee in the Bankruptcy Case.

55.    Finally, in response to Debtor's request that Trustee Hays be removed, Trustee Hays requests that the Court sanction Debtor for the costs arising from having to respond to this baseless and vindictive request.

### Bases for Response and Request for Relief

#### *a. Request for Accounting*

56.    Section 704 of the Bankruptcy Code provides, in relevant part, that a Trustee shall, unless the Court orders otherwise, furnish information to a party in interest regarding administration of the bankruptcy estate.  11 U.S.C. § 704(a)(7) (2017).

12637944v1

57.     Had Debtor contacted Trustee before filing the Motion for Accounting, Trustee Hays would have gladly provided him with an accounting of the funds in this Bankruptcy Case—indeed, he is required to do so by the Bankruptcy Code.  In this regard, attached hereto and incorporated herein by reference as Exhibits "B" and "C," respectively, are copies of the interim report [Doc. No. 52] filed by Trustee on July 31, 2018, and redacted copies of the bank account records for the Bankruptcy Estate.  Each show that, but for de minimis banking and technology fees (that are charged in almost every single bankruptcy case in this District), the $20,000.00 that resulted from Trustee Hays' sale of the Car remains in the Bankruptcy Estate.  In short, Trustee Hays has made no distributions from the Bankruptcy Estate and will not do so without proper authority from the Court. Trustee Hays has not "misappropriated" property of the Bankruptcy Estate.  Any argument to the contrary has no evidentiary support and will have no evidentiary support after a reasonable opportunity for further investigation or discovery.

### b. Allegations of Fraud by Trustee

58.     As to Debtor's claims that Trustee Hays has committed a fraud on the Court, these claims are equally false.  In addition to requiring that a trustee provide information to parties in interest, Section 704 also requires a trustee to collect and reduce to money property of the Bankruptcy Estate.  11 U.S.C. § 704(a)(1) (2017).  That is exactly what Trustee Hays has done in this Bankruptcy Case.  He has not committed a "fraud" on the Court in performing this statutory duty.  He has simply done his job.

59.     With regard to the settlement with the Trust, Trustee Hays has created a recovery by making arguments related to reversion of the Trust's security interest in the Property, under O.C.G.A. § 44-14-80.  Trustee Hays has held no "secret" meetings with regard to this settlement. In fact, Trustee Hays' counsel had numerous conversations with Debtor's counsel regarding the

settlement and the implications of the same on Debtor (importantly, when Debtor was represented by counsel, the rules of professional ethics prohibited Trustee Hays' attorney from speaking directly to Debtor without the express consent of Debtor's counsel).

60.    In addition to these numerous conversations with Debtor's counsel, Trustee Hays also served the Settlement Motion, the Sale Motion, the corresponding notices of hearing, and the application to employ the Realtor on Debtor and his attorney. Each of these papers set forth great detail regarding the negotiations between Trustee Hays and the Trust. In fact, the Settlement Motion included a copy of the Settlement Agreement, which included each and every term of the agreement between Trustee Hays and the Trust. Any arguments by Debtor that these negotiations were a secret, or that he was not given notice of the resolution reached by Trustee Hays, are baseless. They have no ties to reality and appear to be a last-ditch effort by Debtor to obstruct, delay, and interfere with Trustee Hays' administration of the Bankruptcy Estate.

61.    In sum, Debtor's arguments, once again, are without merit and frivolous, and should be rejected by the Court.

### c. Removal of Trustee

62.    With regard to Debtor's request to remove Trustee Hays, Section 324(a) of the Bankruptcy Code provides that "[t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, *for cause*." 11 U.S.C. § 324(a) (2017) (emphasis added). Section 324(b) of the Bankruptcy Code further provides that, if a trustee is removed under Section 324(a), then "such trustee or examiner shall thereby be removed *in all other cases* under this title in which such trustee or examiner is then serving *unless* the court orders otherwise." 11 U.S.C. § 324(b) (2017) (emphasis added).

12637944v1

63. Removal of a trustee is "*as serious an action as a bankruptcy judge could possibly decide*" and should "*not [be] undertaken lightly.*" *In re Walker*, 2004 WL 3152787 (S.D. Fla. Dec. 1, 2004), *aff'd*, *Walden v. Walker*, 515 F.3d 1204 (11th Cir. 2008) (emphasis added). Accordingly, a party seeking to remove a trustee must show by "*clear and convincing evidence*" that this extreme remedy is warranted under the circumstances. *Id*. (emphasis added).

64. Debtor has not made any showing that removal of Trustee Hays should even be considered, is merited, or established it through "clear and convincing evidence." Debtor has failed to show that his allegations in this regard are supported by evidence or are likely to have evidentiary support after a reasonable opportunity for further discovery or investigation.

65. To the contrary, Trustee Hays has, in a little more than 10 months, compromised two security interests in property of the Bankruptcy Estate, sold the Car, and is very close to selling the Property (assuming that Debtor actually complies with the Bankruptcy Court's amended Order to Cooperate and Vacate). All of this despite Debtor's bankruptcy disclosure forms indicating that a de minimis, let alone a meaningful, recovery in this Bankruptcy Case was highly unlikely.

66. Stated another way, as a result of Trustee Hays' efforts, assuming, again, that the sale of the Property closes, he will have brought into a no-asset case approximately $90,000.00.

67. Trustee Hays should not be removed from the Bankruptcy Case. Instead, he should be commended for his efforts and the results that he has achieved in the face of a difficult Debtor, challenging circumstances, and complex legal issues.

### d. Sanctions

68. In short, the request to have Trustee Hays removed is completely meritless. It is not grounded in law or based on actual evidence. By forcing Trustee Hays to address these

vindictive allegations, Debtor has only hindered and delayed Trustee Hays' administration of this Bankruptcy Case, caused significant additional costs and expenses for the Bankruptcy Estate, and reduced the prospects of a recovery in favor of general unsecured creditors (the majority of which are made up of Debtor's over $180,000.00 of non-dischargeable student loan debts). Accordingly, the Court should not only deny Debtor's request to remove Trustee Hays, but also it should sanction Debtor in the amount necessary to reimburse the Bankruptcy Estate for the costs that Trustee Hays has incurred in defending against Debtor's vindictive request. *See, e.g., In re J I K Industries, Inc.,* 155 B.R. 321, 323 (Bankr. W.D.N.Y. 1993) (sanctioning a *pro se* party that moved to remove trustee "in an amount to compensate the estate for expenses incurred defending this motion to remove," where the court determined that there was no basis for removal and the motion was motivated by vindictiveness).

WHEREFORE, Trustee Hays respectfully requests that the Court: (i) approve Trustee Hays' accounting to Debtor; (ii) deny Debtor's request to remove Trustee from the Bankruptcy Case; (iii) impose sanctions against Debtor in an amount necessary to compensate the Bankruptcy Estate for the expenses incurred by Trustee Hays in responding to the meritless claims set forth in the Motion for Accounting; and (iv) grant Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of September, 2018.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee Hays*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
404.873.7030 (telephone)
404.873.7031 (facsimile)

15

**EXHIBIT "A" FOLLOWS**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :    CHAPTER 7
                                          :
CHRISTOPHER EUGENE GOSS, SR,              :    CASE NO. 17-71027-PMB
                                          :
            Debtor.                       :
                                          :

## REPORT OF SALE

COMES NOW S. Gregory Hays, the Chapter 7 Trustee in the above-captioned matter, and files this Report of Sale pursuant to Bankruptcy Rule 6004(f), and shows the Court as follows:

1.

On April 26, 2018, the Trustee sold personal property of the estate known as 2017 Honda Accord EX-L Hybrid ("**Property**") to Christian Goss ("**Purchaser**") for $20,000.00 as ordered and approved by the Court on March 29, 2018 [Doc. No. 32].

2.

Attached hereto as Exhibit "A" is the Bill of Sale from the sale. The Trustee reports that he has completed the delivery of the Property to the Purchaser and has received funds of $20,000.00 from the sale.

Respectfully submitted this 3rd day of May, 2018.

                                   /s
                         _____
                         S. Gregory Hays
                         Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, Georgia 30305
(404) 926-0060

**Exhibit "A" Follows**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                     :      CHAPTER 7
                                           :
CHRISTOPHER EUGENE GOSS, SR.               :      CASE NO. 17-71027-PMB
                                           :
       Debtor.                             :
                                           :

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS that the undersigned, S. Gregory Hays, as and only as Chapter 7 Trustee for the bankruptcy estate (the "**Bankruptcy Estate**") of Christopher Eugene Goss, Sr. ("**Debtor**"), for and in the consideration of $10.00 and other good and valuable consideration to him in hand paid by Christian Goss ("**Purchaser**"), receipt of which is hereby acknowledged, does hereby grant, sell, transfer, and deliver to Purchaser all of the right, title, and interest of the Bankruptcy Estate, in and to the following described property ("**Property**"), as authorized and in accordance with that certain *Order Approving Sale of Motor Vehicle* [Doc. No. 32] (the "**Sale Order**") entered on March 29, 2018 in *In re Christopher Eugene Goss, Sr.*, Case No. 17-71027-PMB, United States Bankruptcy Court, Northern District of Georgia, Atlanta Division in the above-styled bankruptcy case, to have and hold the same under Purchaser, her successors, and assigns:

2017 Honda Accord EX-L Hybrid (VIN#JHMCR6F50HC013106).

THIS SALE, TRANSFER, AND DELIVERY IS MADE WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND WHATSOEVER, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF FITNESS OR MERCHANTABILITY, WITH PURCHASER TAKING THE PROPERTY "AS IS, WHERE IS" AND WITHOUT RECOURSE OF ANY KIND TO THE UNDERSIGNED.

A true and correct copy of the Sale Order is attached hereto and incorporated herein by reference as Exhibit "1."

12200663v1

IN WITNESS WHEREOF, the undersigned has hereunto set his hand and seal this 26
day _Apr 7_____, 2018.



_____
S. Gregory Hays, as and only as Chapter 7
Trustee for the Bankruptcy Estate of
Christopher Eugene Goss, Sr.
(Case No. 17-71027-PMB)

_____
Notary Public
Dated: _4-26-18_____
My Commission Expires: 9/7/21

12200663v1

## CERTIFICATE OF SERVICE

I, S. Gregory Hays, certify that I am over the age of 18 and that on this date, I served a copy of the foregoing **Report of Sale** by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated and upon all the following persona or entities at the addresses stated:

Ronna M. Woodruff, Esq.,
Woodruff Law LLC
123 Powers Ferry Road, SE
Marietta, GA 30067

Christopher Eugene Goss, Sr.
705 Birchwood Road
Marietta, GA 30060

Office of the United States Trustee
362 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 3rd day of May, 2018.

        /s
        S. Gregory Hays
        Chapter 7 Trustee

Hays Financial Consulting, LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, Georgia 30305
(404) 926-0060

**EXHIBIT "B" FOLLOWS**

**Form 1**

# Individual Estate Property Record and Report

## Asset Cases

Page: 1-1

**Case No.:** 17-71027-PMB
**Case Name:** GOSS, CHRISTOPHER EUGENESR

**For Period Ending:** 06/30/2018

**Trustee Name:** (300320) S. Gregory Hays
**Date Filed (f) or Converted (c):** 12/04/2017 (c)
**§ 341(a) Meeting Date:** 01/09/2018
**Claims Bar Date:** 04/24/2018

| Ref. # | 1 Asset Description (Scheduled And Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | 4 Property Formally Abandoned OA=§554(a) abandon. | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 705 Birchwood Road, Marietta, GA 30060 Per Agreement with security interest holder, bankruptcy estate will received a $70k carve-out from sale proceeds from $133,053.62 lien. | 138,000.00 | 70,000.00 | | 0.00 | 138,000.00 FA |
| 2 | 2017 Honda Accord, 2,900 miles Lien on vehicle not perfected. Sold per Order, Dkt # 32. | 27,225.00 | 20,000.00 | | 20,000.00 | FA |
| 3 | 2012 Honda Accord, 153,000 miles Abandoned per Notice, Docket # 25. | 4,575.00 | 0.00 | OA | 0.00 | FA |
| 4 | 1997 Toyota Tacoma, 260,0000 miles Abandoned per Notice, Docket # 25. | 2,500.00 | 0.00 | OA | 0.00 | FA |
| 5 | 1997 Nissan Quest, 184,000 miles XE Van Salvage Value Only (Been Wrecked; Not Running). Abandoned per Notice, Docket # 25. | 500.00 | 0.00 | OA | 0.00 | FA |
| 6 | 3 BRs, LR, DR, All Major Appliances, Small Kitchen Appliances, Kitchen Wares, Grill, Miscellaneous Framed Prints, Music CDs, and Movie DVDs | 1,500.00 | 0.00 | | 0.00 | FA |
| 7 | Two TVs, Two DVD Players, Stereo, Playstation IV, Sure-Shot Camera, iPad, Mac Desktop Computer, Canon Printer, and HP Laptop | 400.00 | 0.00 | | 0.00 | FA |
| 8 | Baseballs and Fishing Equipment Abandoned per Notice, Docket # 25. | 50.00 | 50.00 | OA | 0.00 | FA |
| 9 | 9MM Rueger, 22 Handgun, and 25 Handgun Abandoned per Notice, Docket # 25. | 250.00 | 250.00 | OA | 0.00 | FA |
| 10 | Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 11 | 14 Kt. Class Ring, Four Watches, and 1/4 TW Diamond Earrings | 350.00 | 0.00 | | 0.00 | FA |
| 12 | Miscellaneous Hand Tools, Miscellaneous Yard Tools, Lawnmower, Weedeater, Edger, Blower, Limbloper, Christmas Tree & Decorations, Free Weights, and Weight Machine Abandoned per Notice, Docket # 25. | 150.00 | 150.00 | OA | 0.00 | FA |
| 13 | Cash | 300.00 | 0.00 | | 0.00 | FA |
| 14 | Checking Checking Account at Hamilton State Bank | 265.00 | 0.00 | | 0.00 | FA |

**Form 1**

# Individual Estate Property Record and Report

## Asset Cases

Page: 1-2

**Case No.:** 17-71027-PMB

**Case Name:** GOSS, CHRISTOPHER EUGENESR

**For Period Ending:** 06/30/2018

**Trustee Name:** (300320) S. Gregory Hays

**Date Filed (f) or Converted (c):** 12/04/2017 (f)

**§ 341(a) Meeting Date:** 01/09/2018

**Claims Bar Date:** 04/24/2018

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a) abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 15 | Savings: Savings Account at Wells Fargo Bank | 300.00 | 0.00 | | 0.00 | FA |
| 16 | Checking: Checking Account at Wells Fargo Bank | 400.00 | 0.00 | | 0.00 | FA |
| 17 | Goss Agency LLC, 100% ownership | 1.00 | 1.00 | | 0.00 | FA |
| 18 | Whole Armor of God Outreach Ministries, 100% ownership | 1.00 | 1.00 | | 0.00 | FA |
| 19 | Pension: Pension Fund of the Christian Church (Disciples of Christ) | Unknown | Unknown | | 0.00 | FA |
| 20 | Gas: Security Deposit with Scana Energy (Gas Company) | 100.00 | 100.00 | | 0.00 | 100.00 |
| 21 | Electric: Security Deposit with Cobb EMC (Electric Company) | 150.00 | 150.00 | | 0.00 | 150.00 |
| 22 | 2016 Anticipated Tax Refund (Federal and State): Federal and State | 200.00 | 200.00 | | 0.00 | 200.00 |
| 23 | Term Life Insurance Policy (Allianz Life Insurance): Daughter | 0.00 | 0.00 | | 0.00 | FA |
| 24 | Potential EEOC Claim with Veteran's Administration Hospital, Atlanta, Georgia Debtor reserves the right to amend the value and claim all available exemptions if and when the claim is realized. | Unknown | Unknown | | 0.00 | Unknown |
| 25 | Potential Worker's Compensation Claim with Veteran's Administration, Atlanta, Georgia Debtor reserves the right to amend the value and claim all available exemptions if and when the claim is realized. | Unknown | Unknown | | 0.00 | Unknown |
| 26 | Refund of Overpayment of Fees Charged by Wells Fargo Bank on Credit Card Transactions (u) | 196.00 | 0.00 | | 0.00 | FA |
| **26** | **Assets    Totals    (Excluding unknown values)** | **$177,913.00** | **$90,902.00** | | **$20,000.00** | **$138,450.00** |

Case 17-71027-pmb   Doc 52   Filed 07/31/18   Entered 07/31/18 20:13:29   Desc
Page 3 of 5

Page: 1-3

# Form 1

## Individual Estate Property Record and Report

## Asset Cases

**Case No.:** 17-71027-PMB

**Case Name:** GOSS, CHRISTOPHER EUGENESR

**For Period Ending:** 06/30/2018

**Trustee Name:** (300320) S. Gregory Hays

**Date Filed (f) or Converted (c):** 12/04/2017 (f)

**§ 341(a) Meeting Date:** 01/09/2018

**Claims Bar Date:** 04/24/2018

**Major Activities Affecting Case Closing:**

Pursuant to the Order entered on June 27, 2018 [Dkt # 43], the Trustee and secured interest holder (the "Trust") in the real property located at 705 Birchwood Road, Marietta, Georgia (the "Property") agree that the Trust has a first priority security interest in and to the Property in an amount equal to $133,053.62 and the Trust provides the Bankruptcy Estate with a Carve-Out in the amount of $70,000.

On June 15, 2018, the Court approved the employment of Atlanta Communities Real Estate Brokerage LLC and Bill Celler as Real Estate Agent to sell the Property for a listing price of $139,900. The Trustee is in the process of finalizing a negotiated sale price of $138,000, which he will be presenting to the Court for approval in the near future.

| | |
|---|---|
| **Initial Projected Date Of Final Report (TFR):** 06/30/2019 | **Current Projected Date Of Final Report (TFR):** 06/30/2019 |

07/31/2018

_____
Date

/s/S. Gregory Hays

S. Gregory Hays

Case 17-71027-pmb  Doc 52  Filed 07/31/18  Entered 07/31/18 20:13:29  Desc Page 4 of 5

**Form 2**

Page: 2-1

# Cash Receipts And Disbursements Record

| Case No.: | 17-71027-PMB | Trustee Name: | S. Gregory Hays (300320) |
|---|---|---|---|
| Case Name: | GOSS, CHRISTOPHER EUGENESR | Bank Name: | Rabobank, N.A. |
| Taxpayer ID #: | **-***2863 | Account #: | *****2200 Checking |
| For Period Ending: | 06/30/2018 | Blanket Bond (per case limit): $30,390,000.00 | |
| | | Separate Bond (if applicable): N/A | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 02/26/18 | (2) | Christian Goss | Deposit for purchase of 2017 Honda Accord. Applied to purchase price per Order, Dkt #32. | 1129-000 | 300.00 | | 300.00 |
| 02/28/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 290.00 |
| 03/30/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 280.00 |
| 04/26/18 | (2) | America's Credit Union (Christian Goss Purchaser) | Purchase of 2017 Honda Accord Per Order, Dkt No. 32 | 1129-000 | 19,700.00 | | 19,980.00 |
| 04/30/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 10.00 | 19,970.00 |
| 05/31/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 31.59 | 19,938.41 |
| 06/29/18 | | Rabobank, N.A. | Bank and Technology Services Fees | 2600-000 | | 27.72 | 19,910.69 |
| | | **COLUMN TOTALS** | | | 20,000.00 | 89.31 | **$19,910.69** |
| | | Less: Bank Transfers/CDs | | | 0.00 | 0.00 | |
| | | **Subtotal** | | | 20,000.00 | 89.31 | |
| | | Less: Payments to Debtors | | | 0.00 | 0.00 | |
| | | **NET Receipts / Disbursements** | | | **$20,000.00** | **$89.31** | |

*! - transaction has not been cleared*

*( ) Asset Reference(s)*

Page: 2-2

## Cash Receipts And Disbursements Record
### Form 2

| | |
|---|---|
| Case No.: | 17-71027-PMB |
| Case Name: | GOSS, CHRISTOPHER EUGENESR |
| Taxpayer ID #: | **-****2863 |
| For Period Ending: | 06/30/2018 |

| | |
|---|---|
| Trustee Name: | S. Gregory Hays (300320) |
| Bank Name: | Rabobank, N.A. |
| Account #: | ******2200 Checking |
| Blanket Bond (per case limit): | $30,390,000.00 |
| Separate Bond (if applicable): | N/A |

| | |
|---|---|
| Net Receipts: | $20,000.00 |
| Plus Gross Adjustments: | $0.00 |
| Less Payments to Debtor: | $0.00 |
| Less Other Noncompensable Items: | $0.00 |
| Net Estate: | $20,000.00 |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---|---|---|
| ******2200 Checking | $20,000.00 | $89.31 | $19,910.69 |
| | **$20,000.00** | **$89.31** | **$19,910.69** |

**EXHIBIT "C" FOLLOWS**



**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Return Service Requested*

Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER    NMLS #649477

Period Covered:
February 01, 2018 - February 28, 2018
Page 1 of 2

S. Gregory Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---------|--------|----------------------------|----------------------------|
| Checking Account TRUSTEE CHECKING | | $0.00 | $290.00 |
| **Total** | | **$0.00** | **$290.00** |

## Notable Information For You...

*Reminder: Make sure to include the deposit slip printed with the MICR line (Account/Routing number) with your check deposits.*

*On a multi-copy deposit slip, the top copy is printed with the MICR line and should be provided with the deposits. The duplicate copies either do not include the MICR line or have a "Duplicate" watermark printed on them and should be retained for your records.*

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Return Service Requested*

*Rabobank*

Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER   NMLS #649477

Period Covered:
February 01, 2018 - February 28, 2018
Page 2 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS, CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING

**Account Number**

| | | | |
|---|---|---|---|
| Enclosures | 0 | **Beginning Balance** | **$0.00** |
| Avg Collected Balance | $96.00 | + Total Additions | $300.00 |
| | | - Total Subtractions | $10.00 |
| | | **Ending Balance** | **$290.00** |

## Debits

| Date | Description | Subtractions |
|---|---|---|
| 02-28 | BANK & TECH FEE | 10.00 |

## Credits

| Date | Description | Additions |
|---|---|---|
| 02-27 | DEPOSIT 10001 | 300.00 |

## Daily Balances

| Date | Amount | Date | Amount |
|---|---|---|---|
| 02-27 | 300.00 | 02-28 | 290.00 |

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Rabobank*   Return Service Requested

Rabobank, N.A.
Member FDIC
EQUAL HOUSING
LENDER   NMLS #649477

Period Covered:
March 01, 2018 - March 31, 2018
Page 1 of 2

S. Gregory Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory Hays Trustee |

**📞 Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| Checking Account TRUSTEE CHECKING | ▮▮▮▮▮ | $290.00 | $280.00 |
| **Total** | | **$290.00** | **$280.00** |

**Notable Information For You...**

*Need more UPS supplies to send your deposits into Rabobank? You can order supplies yourself by logging into http://campusship.ups.com.*

*Complete instructions (including login credentials) can be found on the BMS Client Portal (https://myResources.bms7.com) > Request Supplies > UPS Information > Ordering Guide.*

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Return Service Requested*



Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER    NMLS #649477

Period Covered:
March 01, 2018 - March 31, 2018
Page 2 of 2

S. Gregory Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING                                   Account Number:

| | | | |
|---|---|---|---|
| Enclosures | 0 | **Beginning Balance** | **$290.00** |
| Avg Collected Balance | $289.00 | + Total Additions | $0.00 |
| | | - Total Subtractions | $10.00 |
| | | **Ending Balance** | **$280.00** |

## Debits

| Date | Description | Subtractions |
|---|---|---|
| 03-30 | BANK & TECH FEE | 10.00 |

## Daily Balances

| Date | Amount | Date | Amount |
|---|---|---|---|
| 02-28 | 290.00 | 03-30 | 280.00 |

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com

*Rabobank*   *Return Service Requested*

Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER   NMLS #649477

Period Covered:
April 01, 2018 - April 30, 2018
Page 1 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| Checking Account<br>TRUSTEE CHECKING | | $280.00 | $19,970.00 |
| **Total** | | **$280.00** | **$19,970.00** |



## Notable Information For You...

*Reminder: Make sure to include the deposit slip printed with the MICR line (Account/Routing number) with your check deposits.*

*On a multi-copy deposit slip, the top copy is printed with the MICR line and should be provided with the deposits. The duplicate copies either do not include the MICR line or have a "Duplicate" watermark printed on them and should be retained for your records.*



**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com

*Rabobank* *Return Service Requested*



Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER    NMLS #649477

Period Covered:
April 01, 2018 - April 30, 2018
Page 2 of 2

S. Gregory Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

Case Number                    17-71027
Case Name          GOSS, CHRISTOPHER Debtor
Trustee Number
Trustee Name          S. Gregory Hays Trustee

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING                                    Account Number:

| | | | |
|---|---|---|---|
| Enclosures | 0 | **Beginning Balance** | **$280.00** |
| Avg Collected Balance | $936.00 | + Total Additions | $19,700.00 |
| | | - Total Subtractions | $10.00 |
| | | **Ending Balance** | **$19,970.00** |

### Debits

| Date | Description | Subtractions |
|---|---|---|
| 04-30 | BANK & TECH FEE | 10.00 |

### Credits

| Date | Description | Additions |
|---|---|---|
| 04-27 | DEPOSIT 10002 | 19,700.00 |

### Daily Balances

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 03-31 | 280.00 | 04-27 | 19,980.00 | 04-30 | 19,970.00 |



**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Rabobank*    *Return Service Requested*

Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER    NMLS #649477

Period Covered:
May 01, 2018 - May 31, 2018
Page 1 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| Checking Account TRUSTEE CHECKING | | $19,970.00 | $19,938.41 |
| **Total** | | **$19,970.00** | **$19,938.41** |

## Notable Information For You...

*Rabobank and BMS remind you to be vigilant in keeping your account numbers and other personally identifiable information (PII) secure.*

*If Rabobank contacts you by phone, they will always ask you to verify your answers to the security questions set in the BMS software before discussing your information. Rabobank will never ask for PII through an email.*

*Please notify the BMS Banking Center immediately if you are contacted by phone and asked for your account number or other PII, when the requestor does not ask you to first verify your answers to your security questions. Be prepared to report as much information as possible including a name, phone number, location and any other details you are able to gather. The BMS Banking Center will notify the Rabobank Fraud Department immediately on your behalf.*

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com

*Rabobank   Return Service Requested*

Rabobank, N.A.
Member FDIC

NMLS #649477

Period Covered:
May 01, 2018 - May 31, 2018
Page 2 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS, CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING                                Account Number: ▉▉▉▉

| | | | |
|---|---|---|---|
| Enclosures | 0 | **Beginning Balance** | **$19,970.00** |
| Avg Collected Balance | $19,968.00 | + Total Additions | $0.00 |
| | | - Total Subtractions | $31.59 |
| | | **Ending Balance** | **$19,938.41** |

### Debits

| Date | Description | Subtractions |
|---|---|---|
| 05-31 | BANK & TECH FEE | 31.59 |

### Daily Balances

| Date | Amount | Date | Amount |
|---|---|---|---|
| 04-30 | 19,970.00 | 05-31 | 19,938.41 |

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com

**Rabobank**  *Return Service Requested*

Rabobank, N.A.
Member FDIC
EQUAL HOUSING LENDER    NMLS #649477

Period Covered:
June 01, 2018 - June 30, 2018
Page 1 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS, CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| Checking Account TRUSTEE CHECKING | | $19,938.41 | $19,910.69 |
| **Total** | | **$19,938.41** | **$19,910.69** |

## Notable Information For You...

*When checks are deposited into your account, it is suggested to wait several business days after the deposit prior to writing checks against these funds.*

*Checks that are in foreign currency are subject to a longer collection process depending on the action of the foreign institution being collected on.*

*Although Returned Deposit Items don't happen often, they may occur for various reasons such as insufficient funds or Stop Payments. In the event your case has a Returned Deposit Item, BMS will notify you via email and Rabobank will send a notification through regular mail.*

*Should you receive a Returned Deposit Item notice and there are insufficient funds, please consider placing a stop payment on checks that were issued against those funds and do not distribute any checks until funds are available.*

*Trustees may contact the maker to arrange for a replacement check, if applicable.*

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Return Service Requested*

**Rabobank**

Rabobank, N.A.
Member FDIC

EQUAL HOUSING
LENDER    NMLS #649477

Period Covered:
June 01, 2018 - June 30, 2018
Page 2 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING                                    Account Number:

| | | | |
|---|---|---|---|
| Enclosures | 0 | Beginning Balance | $19,938.41 |
| Avg Collected Balance | $19,936.00 | + Total Additions | $0.00 |
| | | - Total Subtractions | $27.72 |
| | | Ending Balance | $19,910.69 |

### Debits

| Date | Description | Subtractions |
|---|---|---|
| 06-29 | BANK & TECH FEE | 27.72 |

### Daily Balances

| Date | Amount | Date | Amount |
|---|---|---|---|
| 05-31 | 19,938.41 | 06-29 | 19,910.69 |





**Rabobank**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Rabobank*  *Return Service Requested*

Rabobank, N.A.
Member FDIC
NMLS #649477

Period Covered:
July 01, 2018 - July 31, 2018
Page 1 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---------|--------|-----------------------------|----------------------------|
| Checking Account | | | |
| TRUSTEE CHECKING | ▮▮▮▮▮ | $19,910.69 | $19,880.15 |
| **Total** | | **$19,910.69** | **$19,880.15** |



## Notable Information For You...

*Rabobank and the BMS Banking Center would like to remind you to follow these guidelines when printing payroll checks through a third party company:*

1) *Open a separate DDA account for payroll activity. Provide this account number and the Rabobank ABA number to your payroll processor.*

2) *Request that the payroll company begin with check serial number 1000.*

3) *Request the payroll company provide the check data to you in either an Excel (.xlsx) or a comma-delimited (CSV) format at least 72 hours before the checks are issued.*

4) *Send this data file to the BMS Banking Center at least 48 hours before the checks are issued.*

*Following these guidelines will ensure check recipients receive the funds due to them without any issues and will also help to reduce the risk associated with check fraud.*

**Rabobank, N.A.** 
Rabobank, N.A.
Member FDIC
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
**Rabobank**   Return Service Requested

NMLS #649477

Period Covered:
July 01, 2018 - July 31, 2018
Page 2 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

Case Number                          17-71027
Case Name          GOSS. CHRISTOPHER Debtor
Trustee Number
Trustee Name            S. Gregory  Hays Trustee

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING                     Account Number:

| Enclosures | 0 | Beginning Balance | $19,910.69 |
| Avg Collected Balance | $19,909.00 | + Total Additions | $0.00 |
| | | - Total Subtractions | $30.54 |
| | | Ending Balance | $19,880.15 |

### Debits

| Date | Description | Subtractions |
| --- | --- | --- |
| 07-31 | BANK & TECH FEE | 30.54 |

### Daily Balances

| Date | Amount | Date | Amount |
| --- | --- | --- | --- |
| 06-30 | 19,910.69 | 07-31 | 19,880.15 |



**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com
*Return Service Requested*



Rabobank, N.A.
Member FDIC
NMLS #649477

Period Covered:
August 01, 2018 - August 31, 2018
Page 1 of 2

S. Gregory  Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory  Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## CONSOLIDATED BALANCE SUMMARY

| Account | Number | Ending Balance Prior Period | Ending Balance This Period |
|---|---|---|---|
| Checking Account TRUSTEE CHECKING | | $19,880.15 | $19,850.61 |
| **Total** | | **$19,880.15** | **$19,850.61** |

**Notable Information For You...**

*Help ensure your banking security by completing challenge questions in both your CaseLink and TrustWorks software. Remember, these guidelines have been put in place to confirm your identity to the BMS Banking Center and the Rabobank banking team. Knowing your challenge questions and answers will help you avoid any banking transaction delays. If you have any questions, please contact the BMS Banking Center by email or by phone at 800-634-7734.*

**Rabobank, N.A.**
PO Box 6010
Santa Maria, CA 93456-6010
www.RabobankAmerica.com

Rabobank, N.A.
Member FDIC



NMLS #649477

*Rabobank*  *Return Service Requested*

Period Covered:
August 01, 2018 - August 31, 2018
Page 2 of 2

S. Gregory Hays
2964 Peachtree Road NW
Suite 555
Atlanta GA 30305

| | |
|---|---|
| Case Number | 17-71027 |
| Case Name | GOSS. CHRISTOPHER Debtor |
| Trustee Number | |
| Trustee Name | S. Gregory Hays Trustee |

📞 **Questions**
(800) 634-7734
banking@bmsadvantage.com
**www.bmsadvantage.com**

## TRUSTEE CHECKING                                  Account Number:

| | | | |
|---|---|---|---|
| Enclosures | 0 | **Beginning Balance** | **$19,880.15** |
| Avg Collected Balance | $19,879.00 | + Total Additions | $0.00 |
| | | - Total Subtractions | $29.54 |
| | | **Ending Balance** | **$19,850.61** |

## Debits

| Date | Description | Subtractions |
|---|---|---|
| 08-31 | BANK & TECH FEE | 29.54 |

## Daily Balances

| Date | Amount | Date | Amount |
|---|---|---|---|
| 07-31 | 19,880.15 | 08-31 | 19,850.61 |



**Rabobank, N.A.**
P.O. Box 6010
Santa Maria, CA 93456

**Rabobank**

| Interim Statement Start: | September 01, 2018 |
| Interim Statement End: | September 11, 2018 |
| | Page 1 of 1 |

Mr. S. Gregory Hays
2964 Peachtree Road NW Suite 555
Atlanta, GA 30305-2153

| Case Number: | 17-71027 |
| Case Name: | GOSS, CHRISTOPHER DEBTOR |
| Trustee Number: | |
| Trustee Name: | Mr. S. Gregory Hays TRUSTEE |

**Questions:**
(800) 634-7734, ext. 8
bmsbankingcenter@bms7.com
**www.bms7.com**

| Account number | | **Beginning balance** | **$19,850.61** |
| | | Total additions | $0.00 |
| | | Total subtractions | $0.00 |
| | | **Ending balance** | **$19,850.61** |

**Transaction Details**

| Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| Total | | | | |

**Checks Paid in Numerical Order**

| Check No. | Check Date | | Check Amount |
|---|---|---|---|
| | Total Checks Paid: | | |

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the forgoing *Trustee's Response in Opposition to Debtor's Motion to Review Information and Accounting Records filed by Trustee into the Court as a Matter of Due Process and Request for Sanctions against Debtor* by depositing a copy of the same in the United States first class mail, with adequate postage affixed to ensure delivery to the following entities at the addresses stated:

Lindsay P.S. Kolba
Office of the U.S. Trustee
362 Richard B. Russell Federal Building
75 Spring Street SW
Atlanta, GA 30303

Christopher Eugene Goss
705 Birchwood Road
Marietta, GA 30060

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Ronna M. Woodruff, Esq.
Woodruff Law LLC
123 Powers Ferry Road, SE
Marietta, GA  30067

This 17th day of September, 2018.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

12637944v1